THE SUPREME COURT OF HONOR v. FLORENCE L. UPDEGRAFF.

No. 13,473. ( 75 Pac. 477.)

SYLLABUS BY THE COURT.

FRATERNAL ·INSURANCE—*Policy Construed—Suicide of Beneficiary.* A life-insurance policy provided that it should be incontestable after two years from its date. The insured who held the policy, which was payable to his wife, committed suicide after the two-year period had elapsed. *Held*, that the beneficiary was entitled to recover the amount.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed February 6, 1904. Affirmed.

*Prigg & Williams*, and *William B. Risse*, for plaintiff in error.

*George A. Vandeveer*, and *F. L. Martin*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action on a certificate of memership in a fraternal order, the Supreme Court of Honor, held by George C. Updegraff at the time

of his death, in October, 1901. The action was brought by defendant in error, wife of the deceased, who was the beneficiary named in the certificate.

The insured came to his death by suicide more than two years after the date of his certificate of membership, which certificate was in effect a policy of life insurance for the sum of $2000, conditioned on the insured's complying with the constitution, rules and by-laws of the order. The certificate provided that the company should not be liable if the insured should die in violation of section 2, article 10, of the constitution, which was made a part thereof. It reads :

"This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared to be insane ; but in all cases not within said exceptions, the amount of money contributed to the benefit fund by such members shall be returned, and shall be paid to the beneficiaries out of said fund in lieu of the benefit."

A section of the constitution of the Supreme Court of Honor in force when the benefit certificate was issued, and at the date of the holder's death was as follows :

"Sec. 99. After two years certificates of membership shall be incontestable for any cause except fraud, violation of the constitution or laws of this order, or a failure to pay the assessments for the benefit and general funds as provided by the laws."

Defendant in error had judgment in the court below.

The sole question involved is whether the provision in the benefit certificate which rendered it incontestable after two years was void when it appeared that the insured took his own life. Counsel for plaintiff in error rely on the case *Ritter v. Mutual Life Insurance*

*Co.*, 169 U. S. 139, 18 Sup. Ct. 300, 42 L. Ed. 693, which in effect holds that where there is no provision in a policy of insurance respecting suicide it will be avoided by the death of the insured by his own hand; that public policy requires that self-destruction should avoid the policy. That case was decided on the facts presented in the record, which showed an absence of any agreement in the policy respecting death by sui-- cide. It was concluded that in such cases there is an implied agreement that the insured will not destroy himself. It cannot be denied that much of the argument of the learned justice who delivered the opinion is applicable to the case before us. We must, however, look at the facts on which the conclusion of the court rested and see how nearly they coincide with the facts in the present case in order to determine the force of the decision as an authority to be followed. As before stated, in the Ritter case there was no stipulation in the policy respecting suicide. The amount of the insurance was payable at death to the estate of the insured, and not to any particular person as beneficiary. Missouri has a statute excluding suicide as a defense to an action on an insurance policy, unless it can be shown that self-destruction was contemplated by the insured at the time of making the application. This statute has been held to be valid, without apparent question that it contravenes public policy. (*Knights Templars' Indemnity Co. v. Jarman*, 187 U. S. 197, 23 Sup. Ct. 108, 47 L. Ed. 139; *Haynie v. Knights Templars & Masons' Indm. Co.*, 139 Mo. 416, 41 S. W. 461; *Christian v. Ins. Co.*, 143 id. 460, 45 S. W. 268; *Logan v. Fidelity and Casualty Co.*, 146 id. 114, 47 S. W. 948.)

In *Patterson and others v. The Natural Premium Mu-*

*tual Life Ins. Co.*, 100 Wis. 118, 123, 75 N. W. 980, 42 L. R. A. 253, 69 Am. St. Rep. 899, it was said:

"The fact that insurance companies have almost universally deemed it necessary to insert in their policies provisions exempting them from liability in case of suicide, 'sane or insane,' may perhaps also be considered as showing the general trend of opinion upon the subject in insurance circles; but, whether this deduction is to be properly drawn or not, we think it certain that the fact·that life-insurance policies universally contain this provision is of weight in determining the construction now to be placed upon a policy which omits all specific reference to suicide, and also ostentatiously contains a clause providing that it shall be absolutely incontestable for any cause save for nonpayment of premiums or misstatement of age. What would an applicant for insurance be entitled to think was the meaning of such a policy, when presented to him; garnished with the usual and customary commendations of the average solicitor of insurance? Certainly he would not think that its legal effect was the same as that of a policy containing the usual provisions against suicide, sane or insane."

It was further held in the decision quoted from that the interest of the named beneficiary is a vested interest which passes to the administrator of the beneficiary in the case of his death and falls within the New York and Minnesota rule, which is, as against such a beneficiary, that suicide by the insured while sane is not a defense, in the absence of a provision to that effect in the policy. The court said:

"Nor would the application of that principle to this case necessarily conflict with the Ritter case, where the policy was in favor of the estate of the insured. It may well be in such a case that the intentional suicide of the insured while sane would prevent a recovery by his personal representatives, and yet not prevent a recovery in case of a policy in favor of

beneficiaries who had a subsisting, vested interest in the policy at the time of the suicide, and who could not, if they would, prevent the act of the insured. . . .

"The incontestable clause would seem to effectually bar this defense. If this clause be not altogether a glittering generality, put in for no purpose except to induce men to insure, it would seem that it must cover such misstatements or omissions as are here alleged. Such clauses have been upheld by various courts. (*Wright v. Mut. B. L. Asso.*, 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749; *Simpson v. Life Ins. Co.*, 115 N. C. 393, 20 S. E. 517; *Goodwin v. Provident S. L. Ass. Asso.*, 97 Iowa, 226, 66 N.W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; *Kline v. Nat. B. Asso.*, 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703.)"

In *Royal Circle v. Achterrath*, 204 Ill. 549, 68 N. E. 492, a late decision by the supreme court of Illinois, the precise question involved was decided against the contention of counsel for plaintiff in error. The case of *Goodwin v. Assurance Association*, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411, takes the same view. See, to same effect, *Mareck v. Mutual Reserve Fund Life Assn.*, 62 Minn. 39, 64 N. W. 68, 54 Am. St. Rep. 613. We deem it unnecessary to say more than has been expressed in the decisions favorable to defendant in error which we have quoted and cited. They fully cover the case and meet with our approval.

The judgment of the court below will be affirmed.

All the Justices concurring.