## Mutual Protective League v. Nancy McKee, Administratrix.

1. FRATERNAL BENEFIT SOCIETY—*what constitutes contract of insurance by.* The constitution, by-laws, application and certificate, all considered and construed together, constitute the contract of insurance of a fraternal benefit society.

2. FRATERNAL BENEFIT SOCIETY—*how contract of insurance by, construed.* A contract of insurance entered into by a fraternal benefit society is, like all other contracts of insurance, to be construed most strongly in favor of the insured.

3. FRATERNAL BENEFIT SOCIETY—*effect of incontestable clause contained in insurance contract of.* From a consideration of the contract of insurance in this case it is held, that the clause which rendered the same incontestable after the lapse of two years, precluded the interposition of the defense of suicide.

Action of assumpsit. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

D. R. KINDER, for plaintiff in error; THOMAS M. JETT and BURTON & WHEELER, of counsel.

SPRINGER & BUCKLEY, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the Circuit Court of Madison County, by plaintiff in error against defendant in error, to recover on a benefit certificate, issued by plaintiff in error to one of its members. The trial was by the court without a jury, by agreement, on facts stipulated. Finding and judgment in favor of appellee for $2,000.

The stipulation as abstracted by counsel for plaintiff in error is as follows:

" That the defendant (below) is a benevolent fraternal order, providing death and disability benefits to its members, incorporated under the laws of this state; that on June 7, 1897, defendant issued and delivered to Albert B. McKee the certificate of membership declared on and that

he made and executed the application aforesaid and that the statements therein are true and correct; that Julia McKee was his mother and died on June 28, 1903; that plaintiff is her personal representative duly appointed and qualified; that Albert B. McKee died on March 17, 1903; that proofs of death were duly furnished defendant; that deceased paid all assessments and dues and was in good standing at the time of his death; that one assessment would amount to $2,000 and no part has been paid; that defendant before the commencement of this suit tendered to plaintiff $48 which was refused; that $48 was the entire amount contributed to the benefit fund by Albert B. McKee in his lifetime; that the constitution, by-laws, rules and regulations of defendant are as follows: (Here follows the entire constitution, laws, rules and regulations of defendant, among which are the following):

' Sec. 200.   When certificates of membership shall be in force for two years they shall be incontestable for any cause except fraud, violation of the constitution and laws of the order or a failure to pay the assessments for the benefit and general fund as provided by the law.

' Sec. 202.   This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness or while the member is under treatment for insanity or has been judicially declared to be insane; provided that in all such cases the amount of money contributed to the benefit fund by such member shall be returned and shall be paid to the beneficiary out of such fund in lieu of the benefit.'

"That such constitution, laws, rules and regulations were in force at the time of the death of McKee; that he performed and fully complied with all the conditions, provisions and stipulations of his certificate and application, except that he came to his death by suicide which was not committed while he was in delirium resulting from illness or while he was under treatment for insanity or had been judicially declared insane; that section 200 aforesaid was in force at the time of the execution and delivery of the certificate and at the time of his death; that the period allowed defendant for the payment of said certificate had expired before the commencement of this suit; that defendant has not paid plaintiff and has refused to pay anything except the $48 tendered as aforesaid."   "This was all the evidence heard by the court."

In the supplemental abstract made by counsel for defen-

dant in error, a number of the provisions of the constitution and by-laws not embraced in the abstract of plaintiff in error are set out in full, and the stipulation is made to show that the member "Albert B. McKee came to his death by suicide which was not committed while he was in delirium resulting from illness, or while he was under treatment for insanity or after he had been judicially declared insane."

Much space in the respective briefs is devoted to discussion of the state of the pleadings and questions of practice. We do not deem it necessary to give consideration to these features. The stipulation supersedes all prior procedure in the case, and affords sufficient basis for the application of proper principles and rules of law to the stipulated facts.

Counsel for plaintiff in error contend that notwithstanding the provision that after two years the certificate shall be incontestable for any cause except fraud, violation of the constitution and laws, and failure to pay assessments, the fact of his having committed suicide bars all recovery except for a return of the amount the member had paid in assessments for the benefit fund, in this case, $48. This contention raises the principal question in the case. In support of this contention counsel argue, first, that suicide is within the meaning of the saving clause, "except  *  *  * violation of the constitution and laws of this order," and say the member violated section 202 of the constitution by committing suicide.

The constitution and by-laws of the order contain hundreds of sections, some prescribing duties and regulations for the conduct of members, some for the conduct of business, and some pertaining to the contract and liabilities of the order. Section 202 is of the latter class. It is not a law of the order, enacted for the purpose of defining duties of members.

The following are a few specimens of the class embraced within the exception:

"Sec. 235. Conduct unbecoming a member. A member who shall be guilty of immoral practice or improper conduct, violative of his duties, or the obligation and unbecom-

ing his profession as a member of this order, or of the excessive use of intoxicating liquors, or who shall enter his counsel in a state of intoxication, or who can pay his debts and will not do so, or who shall become a habitual user of morphine, opium, chloral or cocaine, shall upon conviction thereof be suspended or expelled."

"Sec. 236. Divulging opposition to an applicant. A member who shall divulge to an applicant for membership the name of a member who reports unfavorable upon his application or otherwise opposes said applicant becoming a member of the order shall, upon conviction thereof for the first offense, be fined a sum not exceding $5 and for the second offense shall be suspended."

"Sec. 240. Any member who after due citation to appear as witness at any trial or hearing being conducted by the Supreme Board of Directors or counsel or by any legally constituted committee of either body, shall refuse, or without satisfactory reason, fail to appear and testify shall be deemed guilty of conduct unbecoming a member of the order and shall be liable to a fine, suspension or expulsion from the order."

If any member die while suspended or after expulsion for a violation of any of this class, then the incontestable clause would not avail the beneficiary.

The constitution, by-laws, application and certificate all considered and construed together with respect thereto, constitute the contract, in this class of insurance; and as in all classes of insurance, the contract must be construed most strongly in favor of the assured. All ambiguity must be resolved in their favor—in favor of indemnity, the primary purpose of all insurance contracts.

Under this contract the deceased was not required to understand, that if after two years of faithful membership and payment of assessments, he should, for instance, fall insane and die by his own hand that the important incontestable clause in his contract would be unavailing to his beneficiary. He was warranted in understanding, as any sensible man might, that to meet this possible contingency was one of the principal causes for having such a clause in the contract. Fixing a future time, say two years as in this case, guards against the premeditated fraud which

sometimes exists, of having one's life insured in contemplation of suicide. The incontestable clause shuts out the defense of suicide after it goes into effect, where suicide is not specifically excepted from its operation. Bacon on Benefit Societies and Life Insurance, Sec. 240 a, page 875, Vol. 2, edition of 1904, and authorities there cited.

Counsel's second position is, that they are not contesting the "certificate." They say that they recognize the validity of the "certificate" by offering to pay $48. The certificate makes no mention of the $48, nor of any fact or state of facts furnishing a basis for ascertaining it. All this is found elsewhere in the contract, and the amount is arrived at through the assumption that the suicide clause of the contract prevails over the incontestable clause. The "certificate" provides only for the payment of the amount of one assessment, not exceeding $2,000, admitted in this case to be $2,000. Any effort on the part of the plaintiff in error to avoid the payment of this sum in full, upon the grounds contended for in this record, is contesting the certificate within the meaning of the contract here under consideration.

The judgment of the Circuit Court is affirmed.

*Affirmed.*