## FIELD v. WESTERN LIFE INDEMNITY CO. (No. 8419.)

(Court of Civil Appeals of Texas. Dallas. Jan. 8, 1921. Rehearing Denied Feb. 12, 1921.)

Insurance &--515 — Liability held limited to premiums paid where insured entered military service without company's permission.

Under a policy providing that the insurer's liability should be limited to the premiums paid if insured engaged in military service in time of war without the insurer's written consent, where insured entered the military service in time of war, and committed suicide while insane during such service, the insurer's liability was limited to the premiums paid, though the policy also provided that after one year it should be incontestable except for specified causes.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Kate S. Field against the Western Life Indemnity Company. From a judgment for plaintiff for an insufficient amount, she appeals. Affirmed.

Albert B. Hall, of Dallas, for appellant.
Harry P. Lawther, of Dallas, for appellee.

RAINEY, C. J. This was an action instituted by appellant against appellee for the recovery of the amount of an insurance policy covering the life of Knight W. Field, deceased, and for interest, penalty, and attorney's fees, in which judgment was rendered for plaintiff and against defendant for the sum of $116.82, and for defendant against plaintiff for costs of suit. The case was tried to the court.

Plaintiff alleged that on July 1, 1913, at the request and on the application of Knight W. Field defendant executed and delivered its policy of life insurance by which it insured the life of said Knight W. Field for the sum of $1,000, payable to his mother, the plaintiff, within 30 days from the receipt of satisfactory proof of his death; that the consideration therefor was his agreement to pay a quarterly premium of $5.31; that thereafter, on to wit, the 7th day of October, 1918, said Knight W. Field died; that thereafter on, to wit, the 31st day of December, 1918, plaintiff sent defendant proof of death of said Knight W. Field on form furnished by it; that thereafter defendant refused to pay plaintiff the amount of said policy, and thereafter, on January 8, 1919, plaintiff demanded of defendant payment of the full amount of said policy, but defendant failed and refused to pay the same; that said Knight W. Field paid all of the premiums due on account of said policy to the date of his death, and defendant has failed to pay the amount of said policy within 30 days after demand therefor; that said defendant thereupon became liable to plaintiff for the amount of said policy, and also 12 per cent. thereof as damages and for a reasonable attorney's fee; that 12 per cent. of said policy is $120, and a reasonable attorney's fee is the sum of, to wit, $500, and plaintiff has agreed to pay her attorney a reasonable fee for the prosecuting of her suit, all to plaintiff's damage in the sum of, to wit, $2,000, and plaintiff prays for citation and judgment against defendant for $1,000 and interest thereon, and 12 per cent. thereof in addition as damages, and for $500 for attorney's fees as provided by law, and for costs and full relief.

Defendant answered by filing its plea of tender and stating a provision of the policy to the effect that its liability should be limited to the premiums paid thereon, if the insured shall, without its written permission, engage in military or naval service in time of

war, and stating that the insured did, on the 9th day of May, 1917, engage in military service in time of war, without such permission; that thereafter, on the 7th day of October, 1918, the insured died, and thereafter defendant offered to pay plaintiff the amount of such premiums, to wit, the sum of $116.82; that said policy was issued by defendant in exchange for a certificate of the Royal Achates, dated and issued September 9, 1904; that said Knight W. Field died while in military service in France, and that defendant is willing to pay plaintiff the sum of $116.82, and has paid the same into the registry of the court, and asks for judgment that it go hence, and for costs. Plaintiff demurred to defendant's answer.

The court found that defendant did, on July 1, 1913, issue its policy of life insurance for $1,000 on the life of Knight W. Field, payable to his mother, Kate S. Field, as set forth in plaintiff's petition; that she had an insurable interest in his life; that he died on October 7, 1918, after having paid all of the premiums due on account of said policy; that plaintiff had complied with all provisions of the policy with reference to notice and proof of death, and more than 30 days before institution of suit demanded from defendant payment of $1,000 on account thereof; that said policy provided:

"Second. After one year from the date upon which this policy takes effect it shall be incontestable for any cause, except for breach of warrant or fraud in the application therefor, and except for nonpayment of premiums as herein provided. Third. The pecuniary liability of this company on this policy shall be limited to the aggregate amount of premiums paid thereon if at any time the insured shall, without the company's written permission, engage in military or naval service in time of war."

That in May, 1917, said Knight W. Field engaged in military service in time of war without the written permission of the defendant, and while in military service died in France by reason of suicide while insane; that the premiums paid on account of said policy aggregated the sum of $116.82; that a reasonable attorney's fee for the service rendered plaintiff by her attorney herein is the sum of $250, and that upon the foregoing facts the liability of defendant is limited to the amount of said $116.82, and that judgment should therefore be rendered for plaintiff and against defendant for the sum of $116.82, and for defendant and against plaintiff for costs of suit.

The court rendered judgment overruling the plaintiff's demurrer to defendant's answer, and in favor of plaintiff and against defendant for said sum of $116.82, and for defendant and against plaintiff for its costs.

The first assignment of error is:

"The court erred in overruling and not sustaining plaintiff's demurrer contained in plaintiff's first supplemental petition, filed herein July 17, 1919, to defendant's first amended original answer filed herein July 17, 1919."

The proposition under said assignment is as follows:

"Where plaintiff states a cause of action on a life insurance policy which provides that it shall, after one year, be incontestable for any cause, except breach of warranty or fraud in the application therefor, and there is no other exception in such incontestable clause, an answer by which defendant sets forth, as its only defense, another and distinct, separate, and disconnected provision of the policy, to the effect that its liability shall be limited to premiums paid by the insured if he shall, without the written permission of defendant, engage in military service in time of war, and that insured, after the expiration of such year, without such permission, engaged and died in military service in time of war, is not sufficient."

The appellee submits that this case was tried on conclusions of law and findings of facts, and submits that the court below found, as follows, to wit:

"First. That on the 1st day of July, 1913, the defendant, Western Life Indemnity Company, issued its policy of life insurance as set forth in plaintiff's original petition upon the life of Knight W. Field in the sum of $1,000, payable to his mother, Kate S. Field; that she had an insurable interest in his life, and that thereafter and heretofore, to wit, on the 7th day of October, 1918, the said Knight W. Field died; that said Knight W. Field paid all the premiums due by virtue of the provisions of said policy up to the time of his death; that the said plaintiff herein, Kate S. Field, has complied with all the provisions of the policy with reference to notice and proof of death of said Knight W. Field, and more than thirty days before institution of this suit demanded from defendant payment of $1,000 on account thereof; that in said policy of insurance it is provided as follows:

"Second. After one year from the date upon which this policy takes effect it shall be incontestable for any cause except for breach of warrant or fraud in the application therefor, and except for nonpayment of premiums, as herein provided.

"Third. The pecuniary liability of this company on this policy shall be limited to the aggregate amount of premiums paid thereon if at any time the insured shall without the company's written permission engage in military or naval service in time of war.

"That in May, 1917, the aforesaid policy being then in force, the said Knight W. Field engaged in military service in time of war without the written permission of the company, in that on May 9, 1917, he was commissioned First Lieutenant, Medical Corps, 24th Company, 20th Engineers, United States Army, and accepted an appointment as first lieutenant on the 18th day of May, 1917, a state of war at that time existing between the United States and the Central Powers of Europe; that on October 7, 1918, while serving with the American Expeditionary Forces, the said Knight W. Field died in France by reason of suicide while insane.

"That the aggregate amount of premiums paid on said policy by the said Knight W. Field amounted to the sum of $116.82; that this amount was tendered by the Western Life Indemnity Company to the said Kate S. Field in payment of her claim against the said company by reason of said policy prior to the institution of this suit, and was by her refused; and upon the institution of this suit the said defendant, the Western Life Indemnity Company, tendered said plaintiff, Kate S. Field, said sum of $116.82 by plea, and paid said sum into the registry of this court for the acceptance of said Kate S. Field.

"I further find that the sum of $250 is a reasonable attorney's fee for the services rendered the said Kate S. Field by her attorney herein, and that she has agreed to pay the same.

"II.

"Upon the aforestated facts, I find as a matter of law that the liability of the said Western Life Indemnity Company upon said policy to the said Kate S. Field, beneficiary in said policy, is limited to the aggregate amount of premiums paid thereon at the time of the death of the said Knight W. Field by express provision of the policy set forth in condition third quoted in the conclusion of fact above; that the same amounting to $116.82, and, same having been tendered and paid into the registry of the court for the acceptance of the said Kate S. Field by the said defendant, Western Life Indemnity Company, that judgment should be rendered herein in favor of the said plaintiff, Kate S. Field, against the defendant, the Western Life Indemnity Company, for said sum of $116.82, and that said defendant should recover of the said plaintiff all its costs in this behalf expended."

The contract in controversy here makes the insurance company liable in case of the death of Knight W. Field, payable to Kate S. Field, his mother, for the amount of premiums set forth and limited to the aggregated amount of premiums paid thereon at the time of the death of said Knight W. Field by express provision of the policy, which amounted to the sum of $116.82, which amount the insurance company paid into the registry of the court.

One of the provisions of the contract was that the company's liability should cease if the insured should enter the service of the army or navy in time of war without the written consent of the company. That said Knight W. Field did enter the military service of the United States, and during the continuation of said insurance policy, and while so serving in the United States army, he committed suicide, and proof of his death was duly made to the insurance company.

In support of the different positions taken by the respective parties many cases are cited by both sides. Among those cited by appellant is the case of Mutual Reserve Fund Life Ass'n v. Payne, 32 S. W. 1063, which holding is contrary to the opinion we express

here. But, believing the reasoning expressed in that case is contrary to the great weight of authority, we feel constrained not to follow it, and have concluded to follow the court affirming the judgment.

The judgment of the lower court is affirmed.