RUBY D. WOODBERY, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, March 30, 1927.

**Insurance — life insurance — action on policy — incontestability clause does not bar defense under suicide clause — defense of accord and satisfaction insufficient in absence of allegation that amount claimed was disputed and unliquidated.**

In this action on a life insurance policy which provides that in the event of the self-destruction of the insured during the first two insurance years, the sum payable under the policy " shall be a sum equal to the premiums thereon which have been paid," defenses alleging that the insured died from self-destruction within a year and a half after the issuance of the policy and that the sums specified in the provision of the policy as to self-destruction have been paid, are sufficient. The fact that two years have elapsed since the issuance of the policy prior to the institution of this action, during which time defendant has taken no affirmative action to cancel the policy, does not bar defendant, under a two-year incontestability clause, from interposing the defense of self-destruction, for said clause has no reference to the suicide clause; the former limits the recovery of the benefit in the event of suicide by the insured within two years from the date of the issuance of the policy, and the latter renders the policy incontestable after two years, except for non-payment of premiums.

A further defense by which the defendant attempts to plead accord and satisfaction is insufficient in the absence of any allegation that the amount claimed has been disputed and was unliquidated.

MOTION by plaintiff, under rule 109 of the Rules of Civil Practice, to strike out the separate and distinct defenses interposed by defendant in the amended answer to the first and second causes of action in the complaint herein.

*White & Simms* [*Edward W. Simms* of counsel], for the plaintiff.

*Louis H. Cooke* [*Ferdinand A. Pease* of counsel], for the defendant.

GIBBS, J.    The first cause of action alleges that on or about July 25, 1924, a policy of insurance on the life of Hunter S. Woodbery, husband of plaintiff, was issued by the defendant, whereby it was agreed that the plaintiff should receive $20,000 upon the death of her said husband.    The insured died on September 16, 1925, and proof of death was duly received by the defendant and demand for the face amount of the policy made.

The second cause of action alleges the issuance of the same policy and the agreement to pay plaintiff the additional sum of $20,000 upon proof that the death of the plaintiff's husband resulted from " external, violent and accidental causes; " that said Hunter S. Woodbery met his death on September 16, 1925, as the result of such causes.    Judgment was demanded for $40,000.

The amended answer contains a general denial except as to the issuance of the policy and the death of the insured.    The first separate and complete defense to each cause of action pleads that the policy contains a provision in words as follows: " Self-destruction. In event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company, and no more."

It is further alleged that the death of the insured resulted from self-destruction on September 16, 1925, and that the sums specified in the provision of the policy aforesaid were paid on September 29, 1925.

The second separate and complete defense to each cause of action asserts the payment of the aforementioned sum in full settlement and the surrender of the policy for cancellation.

The third separate and complete defense realleges payment of the sums mentioned heretofore and the acceptance thereof by plaintiff, which constituted an accord and satisfaction.

It is necessary to consider each defense separately.    The policy of insurance is the usual " ordinary life " policy with disability and double indemnity benefits.    In addition to the provision relative to " self-destruction " it contains an incontestability clause which forms the basis of plaintiff's contention on this motion so far as the first separate and distinct defense to each cause of action is concerned.    This clause reads as follows: " Incontestability.    This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as

to provisions and conditions relating to disability and double indemnity benefits."

For the purposes of this motion the allegations contained in the separate defenses are to be taken as true, so that it appears that within a year and a half after the issuance of the policy the insured met his death by self-destruction. If this action had been instituted within six months thereafter there could be no question but that defendant could have successfully contested plaintiff's claim, but the plaintiff now urges that inasmuch as two years have elapsed since the issuance of the policy prior to the institution of this suit, and the defendant having taken no affirmative action to cancel this policy and declare it null and void, the defendant is now barred from interposing the defense of self-destruction. In other words, the incontestability clause is a short statute of limitations, the provisions of which bar the insurance company from contesting the policy, except for the reasons therein stated, at any time after two years from the date of its issuance.

The question arises, whether this clause prevents the defendant from setting up " self-destruction " as a defense, where death occurred prior to the lapse of two years from the date of the policy and payment of the sums provided in the self-destruction clause have been made and accepted by plaintiff in full settlement of the benefits accruing under the policy.

Counsel for both parties, with commendable zeal and industry, have made an exhaustive research of the law in an endeavor to present to the court the insurance law applicable to the facts in this case. Apparently, this situation has never been adjudicated by the courts of the State of New York. The New York cases cited by plaintiff's counsel are not applicable because they relate to defenses of fraud and misrepresentation which must be interposed before the contestable period expires. Nor do any of the decisions rendered in the foreign jurisdictions which plaintiff relies upon sustain her contention. It is obvious that defendant never intended to assume a risk for suicide at any time within the first two years' existence of the policy. Can it be reasonably urged that if death occurs by self-destruction within that period and the insurer pays the limited benefits prescribed by the policy and receives the surrender thereof it must bring affirmative action for the cancellation of the policy? I think not. It must be remembered that no claim of fraud, misrepresentation or duress as to the payment made or the surrender of the policy is charged to the insurer or its agents. Defendant does not seek to void the policy. It does not contest the validity thereof. Contra, it urges that the policy is a valid and binding obligation. The defendant insurance com-

pany contends that it has complied with the terms of its contract of insurance and that its liability limited thereunder by the suicide clause has been liquidated by the payment and acceptance of the returned premiums. There is no inconsistency between the self-destruction and incontestability provisions. The former limits the recovery of the benefit in the event of suicide by the insured within two years from the date of issuance of the policy, thereby placing the insurer in the position that it does not assume the risk; the latter renders the policy incontestable after two years except for the non-payment of premiums and the disability and double indemnity provisions therein.

In the case of *Hearin* v. *Standard Life Insurance Co.* (8 F. [2d] 202) the court, in passing upon provisions similar in the policy to the case at bar, said: " There is only one construction of these two provisions possible. In the one case, the policy is incontestable after one year from its date for false representations or fraud in the application; in the other the risk for suicide, if committed within one year, is not assumed. If a risk is not assumed, how can there be a liability? If there is no liability, why must there be a denial thereof before the expiration of the year? * * * If the risk is not assumed, it certainly cannot be claimed by a bill in equity, to rescind the contract after the suicide, and of course none could be instituted before."

Likewise, in *Childress* v. *Fraternal Union* (113 Tenn. 252; 82 S. W. 832) the justice writing for the court said: " But the suicide clause is not one which enters into the original validity of the contract, but one which defeats the right of recovery after the full existence of the contract is established. The incontestable clause has no reference to the suicide clause, and the latter is in no wise affected by the former. If the insured commit suicide after the expiration of two years from the date of the policy, the effect is the same as if it occur within two years. [The suicide provision contained no limited period.] * * * We are of opinion that, while the policy in this case becomes incontestable after two years, except upon the grounds stated, still it was in force according to its terms, and these terms are plain and explicit, that the beneficiary, in case of suicide of the assured, shall be entitled to recover only one-third."

In the more recent case of *Howard* v. *Missouri State Life Insurance Co.* ([Tex. Civ. App.] 289 S. W. 114) the insured met his death by self-destruction within the contestable period. The insurer tendered the return of premiums in accordance with the self-destruction clause of the policy, which were refused by the beneficiary. Action to recover the face amount of the policy was instituted after the con-

testable period expired. The insurance company set up suicide as a defense. Judgment was entered in favor of the defendant. The appellate court, in affirming the judgment, said: " On the contrary, the insurer is standing upon the letter and spirit of the contract as written; is seeking to uphold, and not defeat, the contract, the validity of which both parties are seeking to maintain. In short, the insurer is not ' contesting ' the policy at all, but is asserting its validity in both form and substance, and the provision of incontestability is inapplicable."

The facts in the case at bar are analogous to the facts in the case of *Howard* v. *Missouri State Life Insurance Co.* (*supra*). There is the additional fact in the present case that plaintiff received and accepted the return premiums in accordance with the provisions of the policy and made a voluntary surrender of the instrument. Under the circumstances I am of the opinion that the defense is a proper one and should not be stricken from the answer.

The second separate and distinct defense to each cause of action in substance pleads payment and discharge of the obligation. The plaintiff urges that the policy was not voluntarily surrendered by her upon the receipt of the amount pleaded. This may or may not be the fact as the evidence adduced on the trial will probably determine, but for the purpose of this motion it is reasonable to assume that there was a voluntary surrender upon the receipt of the return premiums and the acceptance thereof.

The doctrine of law enunciated in the cases of *Larkin* v. *Hardenbrook* (90 N. Y. 333) and *Simons* v. *American Legion of Honor* (178 id. 263) is applicable to the facts in the case at bar. In these cases a defense such as interposed by the defendant herein was held to operate " in law as a release and discharge of the maker's liability in the absence of fraud or mistake."

I conclude, therefore, that these defenses are sufficient and may be permitted to stand.

The third separate and complete defense to each cause of action attempts to plead accord and satisfaction. It is well settled that in order that payment by a debtor of a less amount than that demanded by a creditor should discharge the obligation, the debt must have been disputed and unliquidated. In the case at bar it may be that plaintiff claimed she was entitled to a greater amount than she received and accepted the return of the premiums in satisfaction of her claim. The defendant urges that it did not admit the amounts specified in the face of the policy to be due; that these amounts were disputed. There is, however, no allegation in the answer sustaining either of these contentions. Accord-

24

370  EDUCATIONAL FILMS CORP. v. INTERNAT. FILM SERV. CO., INC.

Supreme Court, February, 1927.                    [Vol. 129

ingly I conclude that this defense is insufficient in law. Motion to strike out the separate defenses interposed in the amended answer granted to the extent that the third separate and complete defense is stricken therefrom, with leave to defendant to serve a further amended answer within ten days after the entry and service of a copy of the order to be entered hereon and upon payment of ten dollars costs. In all other respects the motion is denied. Settle order.