CAROLINE WECHSLER, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, ——— County, February 10, 1931.

*Leslie J. Tompkins*, for the plaintiff.

*Louis H. Cooke*, for the defendant.

SHIENTAG, J. Motion to strike out the separate defense is denied. The term " two insurance years " in the suicide clause means two full years from the date the policy took effect. The incontestability clause of the policy does not preclude an insurer from setting up its limited liability for suicide. In refusing to pay more than the

reduced amount, the insurer does not contest the validity of the policy in its inception, or because of a condition broken. It affirms the contract of insurance entered into, but insists upon payment in accordance with its terms. (*Woodbery* v. *N. Y. Life Ins. Co.*, 223 App. Div. 272.) The incontestability clause " is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. * * * Where there has been no assumption of the risk, there can be no liability. * * * The kind of insurance one has at the beginning, that, but no more, one retains until the end." (*Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449, 452, 453, 454.) So far as the main coverage under the policy is concerned, the insurer did not assume the risk of suicide within a limited period. For that risk there is a separate contract of coverage. There is a distinction between a defense of invalidity and an assertion of limited coverage. It is not a contest of the policy to insist that only that liability be enforced which the insurer under the contract assumed. (See the analysis of the conflicting authorities on this subject in a well-considered note in 39 Yale Law Journal, 1050, and in annotations in 55 A. L. R. 552; 67 id. 1364.) Order signed.