### FERRAND v. NEW YORK LIFE INS. CO.

No. 9726.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1934.

Rehearing Denied March 24, 1934.

J. L. London, of St. Louis, Mo. (W. H. Saunders and Leahy, Saunders & Walther, all of St. Louis, Mo., on the brief), for appellant.

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones, Lon O. Hocker, and William O. Reeder, all of St. Louis, Mo., Louis H. Cooke, of New York City, and Jones, Hocker, Sullivan, Gladney & Reeder, of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action by beneficiary of a life insurance policy to recover double indemnity on account of accidental death. From a judgment on verdict favoring defendant, plaintiff appeals.

While a number of points are argued by the parties, all of them resolve into three propositions, as follows: I, That the incontestable clause in the policy prevented the defense of suicide; II, that a Missouri statute prevents the same defense; and III, that the charge was erroneous in defining the burden of proof.

I. The policy is admittedly an Illinois contract. It provided for the payment of $5,000 upon death and contained two provisions as follows. The first, relating to incontestability, is:

"This Policy is free of conditions as to residence, travel, occupation, or military or naval service, except as provided under Double Indemnity on the first page hereof, and shall be incontestable after two years from its date of issue except for non-payment of premium."

The second is a double indemnity clause providing for payment of an additional $5,000 should the death be effected solely through "external, violent and accidental cause." A further provision of this clause, in so far as here pertinent, is "This double indemnity benefit will not apply if the insured's death resulted from self-destruction, whether sane or insane." The answer alleged that the death of insured "was the result of self-destruction." Over the continued and vigorous protest of the plaintiff the court submitted the case to the jury on the theory that the only real issue was whether the death was due to an accident or to a suicidal act.

Appellant contends that the above incon-

testable clause applies to and governs the suicide provision in the double indemnity clause. This contention is based on appellant's construction of the particular wording in the policy and, also, on general principle. There is no basis for this position on either ground. The wording of the policy does not admit of the construction sought to be placed upon it and this court (Mack v. Conn. General Life Insurance Co., 12 F.(2d) 416, 418) has directly held that there is no inconsistency between the two provisions and that the incontestable provision does not apply to the double indemnity provision which is a matter of defining the risk assumed.

■ II. The contention that a statute of the state of Missouri prevents the defense of suicide, under this policy, is based upon the provisions of section 5740, R. S. Mo. 1929 (Mo. St. Ann. § 5740, p. 4385), which is as follows:

"In all suits upon policies of insurance on life hereafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

This contention has been directly ruled against appellant by the Supreme Court of Missouri in Lukens v. International Life Ins. Co., 269 Mo. 574, 191 S. W. 418, 421, which, also, involved an Illinois contract.

■ III. Appellant contends that the court erred in charging the jury that the burden was on the plaintiff to show that the death of the insured was accidental and not suicidal. The argument is:

"There were no eyewitnesses to the case. The deceased was found under circumstances showing a violent death. There was a presumption of accident. The burden was on the defendant to show suicide.

"Therefore the Court erred in charging the jury that the burden was on the plaintiff to prove an accident and not suicide. This deprives the plaintiff of the benefit of the presumption of accident."

This point is completely met by the charge itself. The court did charge that the burden was on plaintiff to prove that the death was accidental and not suicidal, but in conjunction therewith it covered the very matter involved in the above argument. The statement of the court in that respect was as follows:

"While the burden of proof is on the plaintiff, as has been said, to show that the deceased fell from the window accidentally, yet this does not mean that the plaintiff must show that fact by direct evidence. It may be proved by reasonable inference, or inferences, drawn from the facts produced here in evidence. It is a well-known fact that all normal human beings love life and shrink from death, and this gives rise to what is sometimes spoken of as a presumption that death was not suicidal but accidental. Where the evidence shows that the insured was killed by external and violent means, there is a presumption, where the evidence is doubtful as to whether the death was due to accident or to suicide, that it was caused by accident, but the presumption that the death occurred as a result of an accident cannot prevail where the facts and circumstances as revealed by the evidence show a deliberate act of self-destruction. A person is presumed to intend the natural consequences of his own act, and if the evidence in the case shows that deceased intentionally killed himself, then of course the presumption against suicide vanishes."

The judgment should be and is affirmed.