FRANCIS GUILTINAN, admr., *vs.* THE METROPOLITAN LIFE INSURANCE CO.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, and START, JJ.

*Warranties in Application for Insurance—Burden of Proof—Engaged in Sale of Alcohol—Presumption of Innocence—Comments of Counsel.*

Answers, in an application for life insurance, in respect to the personal habits of the insured and diseases with which he and his relatives have been afflicted, though stated to be warranties and the basis of the

contract, need not be proved by the plaintiff, the administrator of the insured, in an action upon the policy, but the defendant must establish their untruthfulness if it relies thereon.

A warranty that the applicant has never been engaged in the sale of alcoholic beverages, is not broken by the fact that, as an assistant in a hotel, he has, at times, by the direction of his employer, or otherwise, furnished guests with such liquors and taken pay from them, if such service was no part of his general business or employment.

The defendant charged that the insured obtained a policy of insurance by fraud; therefore the instruction that the insured was entitled to the presumption of innocence was correct.

The remarks of the plaintiff's counsel upon the conduct of the defendant were justified by the evidence.

GENERAL AND SPECIAL ASSUMPSIT upon a policy of life insurance. Plea, the general issue, with notice of special matter in defense. Trial by jury at the December Term, 1896, Bennington County, *Thompson*, J., presiding. General and special verdicts, and judgment thereon, for the plaintiff. The defendant excepted.

The application contained the following questions, each of which the applicant answered in the negative:

"*Question H.* Are you now, either directly or indirectly, concerned in either the manufacture or sale of any kind of alcoholic beverages?"

"*Question H a.* Have you ever been so engaged?"

Rolan Taylor, a witness for the defendant, testified that in the spring before the application was made, he frequently visited the hotel in which the insured was then employed, in the village of Bennington, and as many as ten times purchased whiskey which was sold to him by, and for which he paid, the insured. The plaintiff produced Harry Kenyon, who testified that he was the manager of the hotel during that period and had control of the bar and that while the insured might possibly have served some liquor, the witness was never aware of it and had almost the constant oversight of the business. The plaintiff also produced other witnesses, who knew the insured and were frequently about the hotel during that period, who testified that they

had never seen the insured take any part in the sale of liquors. There was no other testimony to contradict that of Taylor.

At the conclusion of the evidence the defendant moved for a verdict on the ground that the undisputed evidence showed that the answers to questions "H" and "H a" were false. The motion was denied, *pro forma*, and the defendant excepted.

The plaintiff introduced the proof of death. In argument to the jury counsel for the plaintiff, against the objection and exception of the defendant, was allowed to call attention to the statement of the defendant's agent therein to the effect that he believed the statements of the physician to be true, among which statements was one certifying that the insured used no intoxicants except by his, the physician's, order, whereas the defendant was now attempting to defeat the policy on the ground, among others, that the insured had been addicted to the use of intoxicants; and to say, "if that is the way this company is going to treat its policy holders, the policy holders need some protection by statute."

The court instructed the jury to return special verdicts in reference to the truth of each of the answers in the application which the defendant claimed to be false, and, in case any of the answers were untrue, to return a general verdict for the defendant, but that the burden was upon the defendant to show that the answers were untrue; to which the defendant excepted.

The defendant requested the court to charge that if the insured, before the date of the application, had ever as clerk, servant or agent, sold alcoholic beverages, he was "engaged in the sale" within the meaning of the contract. The court declined and the defendant excepted.

*Dillingham, Huse & Howland* and *F. C. Archibald* for the defendant.

The motion for a verdict should have been granted. There

was really no contradiction of Taylor's evidence, and if it was true, the insured was "engaged in the sale of alcoholic beverages."

The court should have charged, as requested, that if the insured had ever as clerk, servant or agent, sold alcoholic beverages in the hotel he was "engaged in the sale" within the meaning of the contract. The charge of the court upon that subject was erroneous. It amounts to saying that one does not do a thing which he does, unless he is specially hired to do it.

The case was not one which justified a charge on the presumption of innocence.

The argument of the plaintiff's counsel was not warranted. *Magoon* v. *B. & M. R. Co.,* 67 Vt. 177.

The court erroneously charged that the burden of proof was upon the defendant to prove that the answers of the insured were untrue. *Wilson* v. *Insurance Co.,* 4 R. I. 159; *Sweeney* v. *Insurance Co.,* 36 Atl. Rep. 9; *Craig* v. *Insurance Co.,* 1 Peters C. C. 410: Phillips's Insurance, § 2122; *McLoon* v. *Insurance Co.,* 100 Mass. 472.

*Batchelder & Bates* and *Barber & Darling* for the plaintiff.

The motion for a verdict was properly refused because there was a conflict in the testimony.

The charge of the court was correct upon the meaning of the language, "engaged in the sale of alcoholic beverages." *Insurance Co.* v. *Muskegon Bank,* 122 U. S. 501; *Insurance Co.* v. *Davey,* 123 U. S. 739.

The charge as to the presumption of innocence was correct.

The burden was on the defendant to establish a breach of the warranties. *Insurance Co.* v. *Ewing,* 92 U. S. 378; *Am. Credit Indemnity Co.* v. *Wood,* 19 C. C. A. 264; *Spencer* v. *Insurance Association,* 142 N. Y. 505; *Insurance Co.* v. *Pickel,* 119 Ind. 155: 12 Am. St. 393; *Benjamin* v. *Indemnity Association,* 44 La. An. 1017: 32 Am. St. 362; *Roach* v. *Security Fund Co.,* 28 S. C. 431; *Insurance Co.* v. *Rogers,* 119

Ill. 474; *Herron* v. *Insurance Co.*, 28 Ill. 235; *Insurance Co.* v. *Robertson*, 59 Ill. 123; *Insurance Co.* v. *Hogan*, 80 Ill. 35; *Jones* v. *Insurance Co.*, 61 N. Y. 79.

The argument of plaintiff's counsel was not a statement of fact but proper comment on the attitude of the defense.

TYLER, J. There was no error in the refusal of the trial court to direct a verdict for the defendant. The testimony of Kenyon and other witnesses called by the plaintiff tended to contradict the testimony of Taylor, and it became a question of fact for the jury whether or not the insured ever sold any liquor while he was employed at the hotel.

In answer to questions in the application the insured stated that he was not then and never had been directly or indirectly engaged in the manufacture or sale of alcoholic beverages. The court instructed the jury that if he was employed in that house generally to do what he was called upon to do from day to day, and as a part of that general employment he sold alcoholic beverages to the guests as they called for them, he was engaged in the sale of alcoholic beverages within the meaning of the contract. But on the other hand, if this was no part of his general business or employment, even though he did occasionally, out of his ordinary line of duties, by direction of his employer, or otherwise, furnish the guests with intoxicating liquors and take pay for them, he was not engaged in such sale within the meaning of the contract. This instruction was correct. The word "engaged" as used in the application means occupied, and does not relate to an occasional act outside of a regular employment, and the obvious purpose of the question was that the defendant might be informed whether or not this was the applicant's occupation. The defendant could have had no interest to ascertain whether the applicant, as a servant of the hotel, was occasionally called upon to furnish liquor to a guest.

The defendant charged that the insured obtained the policy of insurance by fraud; therefore the instruction of

the court that the insured was entitled to the presumption of innocence was correct. *Childs* v. *Merrill*, 66 Vt. 302.

The remarks of the plaintiff's counsel upon the conduct of the defendant in resisting payment of the policy were justified by the evidence and the exception is not sustained.

It was "declared, agreed and warranted" by the applicant in his application that his answers and statements were full and true and should be the basis and become part of the contract of insurance. It was recited in the policy that the defendant's promise to pay the legal representatives of the insured the sum of two thousand dollars was made in consideration of the answers and statements contained in the printed and written application, which by the terms of the policy were made warranties and a part of the contract. This part of the policy is set out in the declaration, which also recites the condition in the policy that, if any statement contained in the printed and written application therein referred to were not true, or if any of its conditions were not observed, the policy should thereupon become void.

The declaration alleges that upon the written application of the insured the defendant made and delivered to him a policy of insurance upon his life and thereby, in consideration of the answers and statements contained in the application, insured his life for two thousand dollars and agreed to pay that sum to his legal representatives upon proof of his death. It alleges the payment of all premiums, the death of the applicant, proof of death, defendant's acceptance of the the proof, a tender of the policy and demand and refusal of payment. It does not allege that the applicant's answers and statements in his application were true, nor that he in his life-time performed all the conditions of the contract by him to be performed. The defendant raised the issue in its notice that it was not liable to pay the amount of the policy for the reason, as it alleged, that certain answers and statements made by the insured in the application in respect

to his personal habits, and in respect to diseases with which he and certain relatives had been afflicted, were untrue.

The application contains a great number of questions that were answered by the insured, many of them relating to his occupation, to his past and present physical condition, and to his habits in respect to the use of stimulants and narcotics, about which he must have had personal knowledge, and many others relating to diseases with which his relatives had been afflicted, as: "Has either of your parents, brothers, sisters, grandparents, uncles, or aunts now or ever had consumption, cancer, gout, scrofula, diabetes, rheumatism, epilepsy, insanity, or other hereditary diseases?" about which he may or may not have had personal knowledge, and yet all answers were warranted to be true.

Was it necessary for the plaintiff to allege and prove the truth of these numerous answers?

The rules of law that have been laid down relative to actions upon insurance contracts of this kind are not in harmony. The cases cited on the brief of defendant's counsel hold in effect that whether the terms used are affirmative or negative, the warranty is a condition precedent, and that its performance must be averred and proved by the party seeking to recover upon the contract. It is apparent that the enforcement of this rule would defeat a recovery in very many cases. After the lapse of years it might be impossible for the administrator to prove affirmatively that the insured never had asthma or bronchitis, or that he had never consulted any other physician than his usual medical adviser. The answers may have been strictly true and yet a failure to prove the truth of one so unimportant as that last suggested would defeat a recovery. It is the purpose of the law to give effect to contracts honestly made rather than to defeat them. To avoid the unjust results of the rule above stated it was held in *Sweeney Met.* v. *Life Insurance Co.*, 36 Atl. R. 9, (R. I.), in an action

where the application and policy were like the ones in this case, that the answers constituted warranties so far as they rested upon the applicant's own knowledge, without deciding whether statements that obviously could not lie within his knowledge were warranties or not. The court cites *Jeffries* v. *Insurance Co.*, 22 Wall. 47, which holds that when the statements are made warranties they must be proved; that a party cannot recover upon a conditional contract until he shows that he has complied with its conditions. On the other hand, in *Insurance Co.* v. *Ewing*, 92 U. S. 377, it was said by *Justice Miller*, that if the insurer knew or believed that any of the statements were untrue, it was no hardship for it to single out the answer, the truth of which he proposed to contest, and if he had any reasonable ground to make such an issue, to show the facts on which it was founded; that the plaintiff must prove the issuing of the policy, payment of premiums, death of the assured, proof of death and general performance of conditions, but to say that because all answers are warranties the truth of every one must be proved, would be manifestly unreasonable.

In *Benjamin* v. *Conn. Indemnity Asso'n*, 32 Am. St. 362: 44 La. Ann. 1017, the modern rule is stated to be that the defendant carries the burden of proving such defenses, which involves the necessity of specially pleading them, and numerous cases are cited in support of the rule, among them May on Life Ins. § 591 and 2 Wood on Ins. § 522. Cooke on Life Ins. §§ 14, 93, 123, says that this is the prevailing rule, though this and many of the established principles of the law of life insurance are in direct contrariety to the rule requiring allegation and proof of the performance of conditions precedent. In the able opinion of the Louisiana court, after citing the above works on life insurance and many decided cases, it is.said: "Finally, this court in a line of decisions has maintained the principle announced by Mr. Arnould in his work on insurance, that, as relates to policies

of insurance," all matters in confession and avoidance, including not only those by way of discharge, but those also which show the transaction to be void or voidable, on the ground of fraud or otherwise, shall be specially pleaded. 2 Arn. on Ins., 1287. The cases cited on the brief of the plaintiff's counsel generally support this statement of the law, notably, *Spencer* v. *Insurance Association*, 142 N. Y. 505; *Continental Life Insurance Co.* v. *Rogers*, 119 Ill. 474; *Price* v. *Insurance Co.*, 17 Minn. 497.

In the present case we hold that, upon reason and authority, the plaintiff was not bound to raise an issue in respect to the truthfulness of the answers of the insured. It was a matter of defense which by our statute could be made under the general issue, but it was the duty of the defendant to point out in evidence which of the numerous answers it should contest, and the burden was upon it to establish their untruthfulness.

*Judgment affirmed.*