In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Respondent, *v.* ALBERT CONWAY, as Superintendent of Insurance, Appellant.

(Argued December 5, 1929; decided January 7, 1930.)

*Hamilton Ward*, Attorney-General (*Joseph C. H. Flynn* of counsel), for appellant. The Insurance Law precludes a limitation of the risk to be assumed in contracts for life insurance. (Cons. Laws, ch. 28, § 101, subd. 2.)

*Frederic G. Dunham* and *Leroy A. Lincoln* for respondent. No provision of the Insurance Law precludes a limitation as to the nature of the risk to be assumed under policies of life insurance. (*Lowenberg* v. *People*, 27 N. Y. 336; *Mathewson* v. *Phœnix Iron Foundry*, 20 Fed. Rep. 281; *Hopkins* v. *Connecticut General Life Ins. Co.*, 225 N. Y. 76; *Mack* v. *Connecticut General Life Ins. Co.*, 12 Fed. Rep. [2d] 416; *Western & Southern Life Ins. Co.* v. *Horn*, 127 N. E. Rep. 416; *Landis* v. *Metropolitan Life Insurance Co.*, 136 N. E. Rep. 193.) Exclusion of a given risk from coverage, or limiting liability therefor, does not conflict with the incontestable clause. (*Murphy* v. *Travelers Ins. Co.*, 34 Misc. Rep. 238; *Sipp* v. *Philadelphia Life Ins. Co.*, 142 Atl. Rep. 221; *Lee* v. *Southern Life & Health Ins. Co.*, 98 So. Rep. 696; *Brady* v. *Prudential Ins. Co.*, 168 Penn. St. 645; *Illinois Bankers' Life Assn.* v. *Byassee*, 275 S. W. Rep. 519; *Sanders* v. *Jefferson Standard Life Ins. Co.*, 10 Fed. Rep. 143; *Flannagan* v. *Provident Life & Accident Ins. Co.*, 22 Fed. Rep. [2d] 136; *Collins* v. *Metropolitan Life Ins. Co.*, 27 Penn. Super. Ct. 356; *Collins* v. *Metropolitan Life Ins. Co.*, 133 Ill. App. 326; *Scarborough* v. *American Nat. Ins. Co.*, 171 N. C. 353; *American Nat. Ins. Co.* v. *Munson*, 202 S. W. Rep. 987; *Stean* v. *Occidental Life Ins. Co.*, 171 Pac. Rep. 786; *Myers* v. *Liberty Life Ins. Co.*, 257 Pac. Rep. 933.)

CARDOZO, Ch. J. Metropolitan Life Insurance Company, the petitioner, applied to the Superintendent of Insurance, the predecessor of the present appellant, for his approval of a rider to be attached to its policies. The rider submitted was in the following form: " Death as a result of service, travel or flight in any species of air craft, except as a fare-paying passenger, is a risk not assumed under this policy; but, if the insured shall die as a result, directly or indirectly, of such service, travel or flight, the company will pay to the beneficiary the reserve on this policy." The Superintendent of Insurance refused his approval upon the ground that the proposed rider in his judgment was inconsistent with Insurance Law, section 101, subdivision 2 (Cons. Laws, ch. 28), which reads into every policy a provision that it " shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war." In certiorari proceedings to review this refusal, the Appellate Division found the conflict between rider and statute to be unreal, and reversed the determination.

The Insurance Law of this State prescribes certain terms which must be embodied in every policy of life insurance, but does not otherwise limit the terms of the policy or of any rider to be attached to it except by the exaction that policy and rider shall be approved by the Superintendent of Insurance (Ins. Law, § 101). The purpose of such approval is to avoid the risk of a departure from the terms of the statute with its enumerated restrictions (*Hopkins* v. *Conn. Gen. L. Ins. Co.*, 225 N. Y. 76). If approval is omitted, the policy or the rider is not invalid *ipso facto* unless in conflict with the provisions exacted by the statute. It is invalid even then to the extent of the conflict, and no farther (Ins. Law, § 101,

last paragraph; *Hopkins* v. *Conn. Gen. L. Ins. Co., supra,* p. 82). The statute reads itself into the contract, and displaces inconsistent terms.

We agree with the Appellate Division in its holding that rider and statute in this instance are consistent and harmonious. The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. Like questions have arisen in other jurisdictions and in other courts of this State. There has been general concurrence with reference to the answer (*Sanders* v. *Jefferson Standard L. Ins. Co.,* 10 Fed. Rep. [2d] 143; *Flannagan* v. *Provident L. & A. Ins. Co.,* 22 Fed. Rep. [2d] 136; *Wright* v. *Phila. L. Ins. Co.,* 25 Fed. Rep. [2d] 514; *Scarborough* v. *Am. Nat. Ins. Co.,* 171 N. C. 353; *Myers* v. *Liberty L. Ins. Co.,* 124 Kan. 191; *Childress* v. *Fraternal Union of Am.,* 113 Tenn. 252; *Brady* v. *Prudential Ins. Co.,* 168 Penn. St. 645; *Illinois Bankers L. Assn.* v. *Byassee,* 169 Ark. 230; *Woodbery* v. *N. Y. Life Ins. Co.,* 129 Misc. Rep. 365; 223 App. Div. 272).

The meaning of the statute in that regard is not changed by its exceptions. A contest is prohibited in respect of the validity of a policy "except for nonpayment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war" (§ 101, subd. 2). Here again we must distinguish between a denial of coverage and a defense of invalidity. Provisions are not unusual that an insured entering the military or naval service shall forfeit his insurance. A condition of that order is more than a limitation of the risk. In the event of violation, the policy, at the election of the insurer, is avoided

altogether, and this though the death is unrelated to the breach. No such result follows where there is a mere restriction as to coverage. The policy is still valid in respect of risks assumed.

*Northwestern Mutual Life Ins. Co.* v. *Johnson* (254 U. S. 96 [1920]) is not a decision to the contrary. The clause there in question was not a limitation as to coverage. It was a provision for a forfeiture. In case of the suicide of the insured, whether sane or insane, the policy was to be " void." This meant the forfeiture of the privilege to receive the surrender value of the policy or equivalent benefits, a privilege which would survive if there was merely a limitation of the hazards. Statutes there are indeed whereby the enjoyment of surrender values is preserved against forfeiture by the insurer for breach of a condition as to the payment of premiums (see *e. g.*, N. Y. Ins. Law, §§ 88, 101, subd. 6), but not against conditions generally. What was said by HOLMES, J., of the effect of the " incontestable clause " must be read in the light of the question before him. It is true, as he says, that with such a clause the death of the insured coupled with the payment of the premiums, will sustain a recovery in the face of a forfeiting condition. It is quite another thing to say that the same facts will prevail against a refusal to assume the risk. Later cases in the Federal courts develop the distinction clearly. " A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen " (*Sanders* v. *Jefferson Standard L. Ins. Co.*, *supra*, at p. 144, citing and distinguishing *Northwestern Life Ins. Co.* v. *Johnson*, *supra*). Where there has been no assumption of the risk, there can be no liability (*Hearin* v. *Standard L. Ins. Co.*, 8 Fed. Rep. [2d] 202; *Mack* v. *Connecticut Gen. L. Ins. Co.*, 12 Fed. Rep. [2d] 416; *Flannagan* v. *Provident L. & A. Ins. Co.*, *supra*; *Wright* v. *Philadelphia L. Ins. Co.*, *supra*;

*Myers* v. *Liberty L. Ins. Co., supra; Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12, 18). The kind of insurance one has at the beginning, that, but no more, one retains until the end.

The order should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.