**HEAD et al. v. NEW YORK LIFE INS. CO.**

**HEAD v. HARTFORD ACCIDENT & INDEMNITY CO.**

Nos. 246, 245.

Circuit Court of Appeals, Tenth Circuit.
Sept. 9, 1930.

James C. Cheek and Albert L. McRill, both of Oklahoma City, Okl., for appellants.

W. F. Wilson, W. F. Wilson, Jr., R. E. Owens and Mr. Louis H. Cooke, all of Oklahoma City, Okl., for appellee New York Life Ins. Co.

F. A. Rittenhouse, Frank E. Lee, and John F. Webster, all of Oklahoma City, Okl., for appellee Hartford Accident & Indemnity Co.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Appeal No. 246.

Harry B. Head and Tillie O. Head brought this action against the New York Life Insurance Company to recover upon a policy of life insurance.

The petition alleged in part the following: That on August 27, 1926, the insurance company issued to Arthur G. Head a certain life insurance policy by which it agreed to pay $5,000 to the beneficiaries named in such policy, upon receipt of due proof of the death of the insured, and the further sum of $5,000 if such death resulted from accident, as defined in the double indemnity clause of the policy; that plaintiffs are the father and mother of the insured and the beneficiaries named in such policy; that for some time prior to May 4, 1929, the insured had been engaged in the insurance business in Oklahoma City and on such day had gone to an airport near that city, at the request of the owner of an airplane, to inspect and to get information concerning such airplane, preparatory to writing a policy insuring it against fire, theft and tornado; that the pilot of such airplane suggested that insured take a ride in the airplane for the purpose of gathering such information as might be needed in preparing the application for and writing such insurance; that the insured boarded such airplane and the pilot set it in motion; that, after such airplane had been in the air about six minutes, it dived sharply to the ground and was wrecked, and as a result thereof insured sustained injuries from which he died three hours later; and that

the insurance company had paid to the beneficiaries $5,000 but denied liability under the double indemnity clause.

The policy, a copy of which was attached to the petition, contained, among other things, the following provisions:

"The double indemnity provided on the first page hereof shall be payable upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and occurred within ninety days after such injury.

"Double indemnity shall not be payable if the insured's death resulted * * * from participation as a passenger or otherwise in aviation or aeronautics.

"Payment of Premiums.—All premiums are payable on or before their due date at the Home Office of the Company or to an authorized agent of the Company. * * *

"All benefits under this policy are payable at the Home Office of the Company in the City and State of New York."

The Insurance Company demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer. Plaintiffs elected to stand upon their petition. From an order dismissing the petition plaintiffs have appealed.

Section 6707, C. O. S. 1921, in part provides:

"*Life Insurance—Definition—Regulation.* All corporations, associations, partnerships and individuals doing business in this State under any charter, compact, agreement or statute of this or any other state, involving the payment of money or other thing of value to families or representatives of policy holders or members, conditioned upon the continuation or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities, shall be deemed to be life insurance companies. * * * *"

Section 6731, C. O. S. 1921, in part, provides:

"*Life Policy—Contents and Provisions Necessary.* No policy of life insurance shall be issued or delivered in this State or be issued by a life insurance company organized under the laws of this State unless the same shall at least provide in substance the following: * * *

"Third. That the policy, together with the application therefor, a copy of which

application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after two years from its date, except for non-payment of premiums and except all violations of the conditions of the policy relating to the naval or military service in time of war; Provided, that the application therefor need not be attached to any policy containing a clause making the policy incontestable from date of issue."

Counsel for plaintiffs contend that the policy is a life insurance policy within the meaning of section 6707, supra, and that the provision in the policy that double indemnity shall not be payable if the insured's death resulted "from participation as a passenger or otherwise in aviation or aeronautics" violates section 6731, supra, and is therefore void.

■ Section 6731, supra, by its express terms, only applies to policies of life insurance issued or delivered in the state of Oklahoma or issued by a life insurance company organized under the laws of Oklahoma. There is nothing on the face of the policy here ·involved or in the allegations of the petition to show that this policy was either issued ·or delivered in the state of Oklahoma. It affirmatively appears that it was issued by a. corporation organized under the laws of the state of New York, and that the premiums and the benefits were payable at the office of the insurance company in the city and state of New York. Under these facts, the laws of New York rather than of Oklahoma would govern. In the case of Metropolitan L. I. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, it was held that the following rider—"Death as a result of service, travel or flight in any species of aircraft, except as a fare-paying passenger, is a risk not assumed under this policy; but, if the insured shall die as a result, directly or indirectly, of such service, travel or flight, the company will pay to the beneficiary the reserve on this policy"—was not inconsistent with the provisions of Insurance Law, § 101, subdivision 2 (Consolidated Laws of New York, c. 28), which provides that every policy "shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war," for the reason that the "Incontestable Clause" of such statute was not a

definition of the hazard to be borne by the insurer but a limitation as to defenses based on a breach of condition rendering the policy invalid.

■ The "incontestable" provision in section 6731, supra, is not a mandate as to coverage nor a definition of the hazards to be borne by the insurer. It provides rather that, after the expiration of the two year period, the policy, within the limits of the coverage, shall stand unaffected by any defense that it was invalid in its inception or thereafter became invalid by reason of a condition broken. The exceptions to the "incontestable" provision of the statute do not militate against this construction. Here, again, the distinction must be made between limitation on the coverage and limitation on a defense of invalidity. A policy may provide that default in the payment of a premium or the entry of the insured into the military or naval service shall forfeit the insurance. Such a condition is more than a limitation of the risk. It is a provision for forfeiture upon a condition broken. In the event of its violation, the policy, at the election of the insurer, is avoided altogether and this, notwithstanding the death of the insured is unrelated to the breach. No such result follows when there is mere restriction as to coverage. The policy is still valid and enforceable in respect to the risks assumed. Such being the nature and purpose of an "incontestable" provision, it is clear that such a clause does not preclude the insurer from asserting that the risk producing the death of the insured was not within the coverage of the policy. Jolley v. Jefferson Standard L. I. Co. (N. C.) 154 S. E. 400, decided August 20, 1930; Sanders v. Jefferson S. L. Co. (C. C. A. 5) 10 F.(2d) 143; Metropolitan L. I. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642.

■ Counsel for the plaintiffs further contend that the death of the insured did not result "from participation as a passenger or otherwise in aviation or aeronautics." The allegations of the petition show that the insured suffered the injuries which caused his death as the direct result of traveling in an airplane.

Counsel for the plaintiffs cite and rely upon Masonic Accident I. Co. v. Jackson, 200 Ind. 472, 164 N. E. 628, 631; Gits v. New York Life Ins. Co. (C. C. A. 7) 32 F.(2d) 7; Benham v. American Cent. L. I. Co., 140 Ark. 612, 217 S. W. 462. The Jackson Case decided that a person riding as a passenger in an airplane "was not engaged in aviation."

520

The court said that the word "engage" means "to carry on, to conduct, to employ one's self and does not relate to a single act." In the Gits Case, the policy employed the phrase "engaging in * * * aeronautic operations." The court held that the phrase employed suggested the quality of continuity and frequency, as well as some degree of participation in the use of the instrumentality. Likewise, in the Benham Case, the policy employed the word "engaged."

"Engage," is defined in volume 3 of Words and Phrases, Third Series, at page 258, as follows: " 'Engage' means to take part in or be employed in, however the employment may arise;" and at page 259. as follows: "To 'engage' is to embark in a business; to take a part; to employ or involve one's self; to devote attention and effort." The word "engage" connotes more than a single act or a single transaction; it involves some continuity of action. Guiltinan v. Metropolitan I. Co., 69 Vt. 469, 38 A. 315, 316; Peters v. Prudential I. Co., 133 Misc. Rep. 780, 233 N. Y. S. 500, 501. In the latter case, it was held that the phrase, "engaged in aviation," did not include a passenger taking an occasional ride in an airplane and suggested that if it were intended to include such a passenger it should have employed the expression "participating in;" and pointed out that the word "engaging" means something more than an occasional participation.

On the other hand, the word "participate" means simply "to take or have a part or share in," and "participating" means "a taking part, as in some action or attempt." New Century Dictionary.

In Bew v. Travelers' Ins. Co., 95 N. J. Law, 533, 112 A. 859, 860, 14 A. L. R. 983, the court said:

"The Standard Dictionary, and a number of other dictionaries consulted, define 'participate' as meaning 'to receive or have a part or share of; to partake of; experience in common with others; to have or enjoy a part or share in common with others; partake; as to participate in a discussion.' 'To take a part in; as to participate in joys or sorrows.' "

One who takes a part in a single action participates therein. The word applies equally to a single act or to many acts.

This distinction between the phrase "engage in aviation" and the phrase "participating in aeronautics" is clearly pointed out in Price v. Prudential Ins. Co. (Fla.) 124 So. 817. Because of this difference in the meaning of such words, the cases relied upon by counsel for plaintiffs are not in point.

In Bew v. Travelers' Ins. Co., supra, "aeronautics" is defined as the "art or practice of sailing in or navigating the air."

In Meredith v. Business Men's Accident Ass'n of America, 213 Mo. 688, 252 S. W. 976, 978, the court defined "participating in aeronautics" to mean "to share in sailing or floating in the air."

Bew v. Travelers' I. Co., supra; Meredith v. Business Men's Ass'n, supra, and Travelers' I. Co. v. Peake, 82 Fla. 128, 89 So. 418, dealt with clauses in insurance policies similar to the clause in the instant case and in each of the above cases it was held that a passenger in an airplane, flying in the air, was participating in aeronautics. See, also, Pittman v. Lamar L. I. Co. (C. C. A. 5) 17 F.(2d) 370.

We think there can be no doubt that a person who rides in an airplane, along with the pilot who operates and navigates the airplane, has a part or share with such pilot in flying in the air and is participating in aeronautics. It follows that the petition failed to state a cause of action.

The judgment of the trial court in appeal No. 246 is affirmed.

### Appeal No. 245.

Harry B. Head brought this action against the Hartford Accident & Indemnity Company, a corporation, to recover on a policy of accident insurance.

The petition alleged that on June 25, 1923, the insurance company issued to Arthur G. Head its certain accident insurance policy, by which it agreed to pay $15,000 to the beneficiary named in such policy, upon receipt of due proof of the death of the insured resulting from bodily injury causing death within ninety days from the date of such injury; and that plaintiff is the father of the insured and the beneficiary named in such policy. The petition also set out substantially the same allegations with reference to the airplane accident and the cause of the death of the insured as were alleged in the petition in No. 246, and further alleged that the insurance company denied liability upon the policy.

The policy, a copy of which was attached to the petition, contains, among other provisions, the following:

"16. The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown

by the record of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

"Additional Provisions.

"(b) This insurance shall not cover * * * injuries, fatal or otherwise, received by the insured * * * (2) while participating in or in consequence of participating in aeronautics. * * *

"(e) This policy is issued in consideration of a premium of fifty and no/100 dollars, for the principal sum of fifteen thousand and no/100 dollars and weekly indemnity of fifty and no/100 dollars, for a term of twelve months from noon of the first day of July, 1923, standard time of the place where the insured resides, and may be renewed, subject to all its provisions, from term to term, with the consent of the company, and by the payment of the premium in advance."

The insurance company demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer. Plaintiff elected to stand on his petition. From an order dismissing the petition plaintiff has appealed.

Counsel for the plaintiff contend that the policy is a life insurance policy within the meaning of section 6707, supra, and that the provision of the policy that "this insurance shall not cover * * * injuries, fatal or otherwise, received by the insured * * * while participating in or in consequence of participating in aeronautics" violates the provisions of section 6731, supra, and is therefore void.

Counsel for the plaintiff admit that if the policy is a renewable one-year term policy and not an indivisible contract, extending from the date of the policy to the date of the death of the insured, it does not come within the "incontestable" provision of section 6731, supra. This is manifestly true because the life of the policy could never extend beyond the two-year period if the policy is limited to a one-year term.

We think that subparagraph (e) and paragraph (16) of the policy, above quoted, show clearly that it is a one-year term policy, renewable at the request of the insured and consent of the insurer upon the payment of the annual premium, and is therefore not within the provisions of section 6731, supra.

But, even if the policy is an indivisible and continuous contract extending from the date of the policy to the date of the death of the insured, such clause (for the reasons we have pointed out in our discussion of a like contention in appeal No. 246) is not a condition, the breach of which would render the policy void, but is rather a limitation on the risk assumed, and therefore is not within the "incontestable" provision of section 6731, supra.

Counsel for the plaintiff further contend that the insured was not injured "while participating in or in consequence of participating in aeronautics." We see no substantial difference between the clause in the contract in this case and the one involved in appeal No. 246, and, for the reasons therein stated, we hold that the insured came to his death as the result of a risk not assumed under the policy.

It follows that the petition did not state facts sufficient to constitute a cause of action and the judgment in appeal No. 245 is therefore affirmed.