LEIDENGER v. PACIFIC MUT. LIFE INS. CO. OF CALIF.

——

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)
(October 6, 1931. Writ of Certiorari and Review Granted by Supreme Court.)
(January 4, 1932. Opinion and Decree of Supreme Court.)

——

Benjamin Y. Wolf, of New Orleans, attorney for plaintiff, appellee.

Eugene J. McGivney and Solomon S. Goldman, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The plaintiff in this case, the beneficiary in a life insurance

policy upon the life of her deceased husband, Ferdinand H. Bernier, brings this suit for $2,000, the face value of the policy. Ferdinand Bernier died April 5, 1930, as the result of an aeroplane accident which occurred at a point somewhere between Dallas and Houston, Tex.

The defendant denies liability upon the ground that the policy contained a clause limiting its liability to the return of premiums paid, which, in this instance, amounted to $94, when the death of the insured occurred in aerial navigation except as a fare-paying passenger in a licensed commercial aircraft, operated by a licensed pilot, and flying in a regular civil airway between definite established airports. It is averred that Bernier was killed under circumstances not within the exception mentioned; consequently it is claimed that plaintiff is entitled to a judgment for not more than $94, the amount of premiums paid.

There was judgment below in favor of plaintiff as prayed for, and defendant has appealed.

There is no dispute as to the facts. The policy which the defendant company issued which, of course, was the contract between the parties, stipulated that, in the event of the death of Ferdinand H. Bernier, the Pacific Mutual Life Insurance Company of California would pay plaintiff, as widow and beneficiary, $2,000. The policy, however, contained certain stipulations qualifying this main undertaking. For example, if within five years from the date of the policy the insured should engage in any military or naval service in time of war and should die in the service within six months thereafter or during the war, the liability of the company was limited to "any outstanding dividend addi-

tions, together with any dividends left to accumulate and accrued interest thereon, and to the return of the premiums paid hereon."

There was also a suicide clause stipulating that, in the event the insured should, within one year of the date of the policy, commit suicide, whether sane or insane, the liability under the policy should be limited to an amount equal to the premiums paid thereon.

There was also a stipulation that, in the event of non-payment of premiums within a certain period mentioned in the policy, it should be void and "without value" except as set forth in the paragraphs marginally headed "Non-Forfeiture" and "Automatic Non-Forfeiture."

The policy also contained the clause relied on by defendant, reading as follows:

"It is hereby agreed and understood, in the event of the death of the insured arising, in whole or in part, directly or indirectly, from engaging in aerial navigation, except while riding as a fare paying passenger in a licensed commercial air craft provided by an incorporated common carrier for passenger service, and while such air craft is operated by a licensed transport pilot and is flying in a regular civil airway between definitely established air ports, the only liability under this policy shall be for a sum equal to the premiums paid hereon, and the policy shall thereupon be terminated."

There was also an "incontestable clause" relied upon by plaintiff, which reads as follows:

"This policy and the application therefor constitute the entire contract between the parties and such contract shall be incontestable after it shall have been in force, during the lifetime of the insured, for one year from the date of the policy, except for non-payment of premium or for violation of the conditions of the policy

relating to military or naval service in time of war."

It must be conceded that, unless the incontestable clause saves the situation, plaintiff's recovery cannot exceed the amount of premiums paid under the policy, because it is admitted that the circumstances under which he was killed was not within the exception to the limitation of liability affecting death in aerial navigation.

Able counsel for defendant argues that the policy as issued did not cover the risk of death in an aeroplane except as a fare-paying passenger, etc., and that the coverage of Bernier's policy was thus limited initially, and that the incontestable clause did not affect the situation, for the reason that it could not be construed to mean an extension of the original coverage of the policy. They cite in this connection Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, in which it was said, referring to the incontestable clause:

"It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken."

We have the highest respect for the views of the court which rendered the opinion in the cited case, but we find that case irreconcilable with an opinion of this court in the matter of Brady v. Fidelity Mutual Life Ass'n, 13 Orl. App. 35. In the latter case the policy under consideration contained a clause providing that, if the insured resided or traveled south of the Tropic of Cancer without obtaining the written consent of the president, recovery by the beneficiary in the event of death should be reduced to 80 per cent of the face value of the policy. The plaintiff's husband, Dr. Brady, without obtaining the necessary permission, journeyed south of the Tropic of Cancer, and it was claimed that the limitation of the policy should apply notwithstanding the presence of an incontestable clause in the policy reading as follows:

"After three years from the date hereof, if the payments hereunder have not been paid when due, this policy, in the event of the death of the member shall be incontestable for the sum payable hereunder."

The court, however, held that the liability under the policy was absolute after the expiration of the three years.

"A clause in a life insurance policy providing that if the assured shall reside or travel south of the Tropic of Cancer he shall receive only eighty per cent of the face of the policy, ceases to have any force or effect at the expiration of three years when the policy further provides that after three years after its date it shall be incontestable for the sum payable thereunder."

In the present case it will be observed that the effect of the incontestable clause is to select from the original conditions of the policy only two qualifications affecting the principal obligation of the defendant, which was to pay to the insured's beneficiary $2,000 in the event of his death, providing the policy has been in force for more than one year; these two exceptions being non-payment of premiums and the violation of the military and naval service clause. In other words, before the lapse of one year all the conditions and qualifications mentioned in the policy affect the agreement of the company, but after the policy has been in force for one year only two of these conditions have any force, and the condition relative to aerial navigation is not found among these two. It therefore appears that, under the plain

terms of the policy, plaintiff must recover, since its obligation is absolute; it being admitted that the premiums were paid and the clause relative to military and naval service adhered to. In other words, it is quite clear that the purpose of the incontestable clause was to enhance the value of the policy to the policyholder after one year by removing all conditions affecting the payment of the principal sum save two. Before that time suicide, military or naval service, aeroplane trips, non-payment of premiums, etc., all affected the company's liability, but afterwards only non-payment of premiums or military and naval service made any difference. A policy one year old was obviously more valuable than one not so old, and policyholders were thus encouraged to continue their policies in force. We believe the case is with the plaintiff.

For the reasons assigned, the judgment appealed from is affirmed.

JANVIER, J. (concurring). I feel that Brady v. Fidelity Mutual Life Insurance Company, 13 Orl. App. 35, cannot be distinguished and is, therefore, controlling here and, though I believe that the views expressed in Metropolitan Life Insurance Company v. Conway, 252 N. Y. 449, 169 N. E. 642 (Court of Appeal of New York) are more logical; I prefer to follow what seems to be the established jurisprudence of my own state since no question of fundamental right is involved.

After all, the question at issue is not whether there exists the right to limit liability by contract, which right, of course, does exist, but whether, in this case the intention with reference to the limitation of liability has been clearly expressed.

I concur in the decree rendered by the majority.