**WELLER v. LIFE & CASUALTY INS. CO. OF TENNESSEE, Inc.**

No. 10738.

United States Court of Appeals District of Columbia Circuit.

Argued March 20, 1951.

Decided June 28, 1951.

Samuel Gordon and Charles F. McKay, Jr., Washington, D. C., for appellant.

P. J. J. Nicolaides, Washington, D. C., with whom William F. Kelly and Richard H. Nicolaides, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case concerns a life insurance policy. The policy was taken out in January, 1942, by Edward F. Weller. In May, 1948, he was killed as a result of the crash of an airplane of which he was the pilot and sole occupant. He had been taking flying lessons and was on a solo cross-country training flight in the course of those lessons. The Insurance Company paid the amount of the reserve on the policy ($571.60) but declined to pay the remaining face amount. Thereupon the beneficiary, who was the wife of the insured, brought a civil action in the District Court to recover the difference. Motions for summary judgment were made by both parties. The trial court

granted the motion of the defendant Company.

The policy contained an incontestability clause, which was in the usual form, providing that the policy should be incontestable after it had been in force two years, except for non-payment of premiums and except for violation of the conditions relating to military and naval service. Such a provision is required by statute in the District of Columbia,[1] as it is in many other jurisdictions. The policy also contained an aviation clause, which provided: "Should the death of the Insured result from operating, or riding in, any kind of aircraft, except as a fare-paying passenger in a licensed passenger aircraft operated by a licensed pilot on a regular passenger route between definitely established airports, only the reserve under this Policy shall be payable and said reserve shall be in full settlement of all claims hereunder." Attached to the policy, and executed the same day, was a "Supplemental Contract of Accidental Death Double Indemnity Benefit." This supplemental contract contained a provision that "This Double Indemnity Accident Benefit does not cover * * * death resulting from participation in aeronautics or submarine expeditions, either as a passenger or otherwise * * *."

Appellant says that the aviation clause in the policy was incontestable after two years, meaning that a claim on account of death resulting from operating an airplane could not be disputed by the Company. This point has been raised in many cases. The Court of Appeals of New York examined it in Metropolitan Life Ins. Co. v. Conway.[2] Chief Judge Cardozo wrote the opinion and summed up the decision thus: "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken."

That view has been adopted and followed in many cases. The subject was reexamined at length by District Judge Leahy and, upon appeal, by Chief Judge Biggs in Wilmington Trust Co. v. Mutual Life Ins. Co.[3] The cases and authorities were there collected and discussed. Both of those courts agreed with the view stated in the Conway case. We agree with the reasoning and conclusions in those cases. We think, therefore, that in the case at bar the aviation clause clearly excludes from the risks undertaken by the Company upon the policy, the risk of death resulting from operating or riding in an airplane, except as a fare-paying passenger in a licensed aircraft on a regular passenger route. The incontestability clause forbids contest by the Company of the validity of the policy within the coverage undertaken. That clause does not relate to the coverage of risks.

Appellant next says that the aviation exception clause in the supplemental double indemnity contract is inconsistent with the aviation clause in the policy, that this inconsistency must be resolved in favor of the insured, and that the terms of the exception in the double indemnity contract do not apply to the circumstances in the case at bar. The supplemental contract specifically provides that it is a part of the main policy and that it is subject to all the terms and conditions of that policy. It provides that, if death occurs in consequence of injury effected solely through external, violent and accidental means, "the Company will pay instead of the face amount of this Policy, double that amount". Thus the supplemental contract plainly contemplates that if payment of the face amount be due under the main contract that amount will be doubled under certain circumstances. It does not contemplate that payment will be made under the double indemnity supplemental contract if no payment of the face amount is due upon the principal policy. In

1. 48 Stat. 1158 (1934), D.C.Code § 35-703(3) (1940).

2. 1930, 252 N.Y. 449, 169 N.E. 642.

3. D.C.Del.,1948, 76 F.Supp. 560, affirmed, 3 Cir., 1949, 177 F.2d 404.

other words, it does not add to the risks covered by the policy. Since no payment except the reserve is due under the principal policy on account of death arising from an airplane accident such as the one here involved, no payment is due on that account under the double indemnity supplemental contract.

Being of the foregoing view, we do not reach the question whether the circumstances in this case amounted to "participation in aeronautics or submarine expeditions". The conclusions which we have reached are those reached by the District Judge, and his judgment will therefore be and is hereby

Affirmed.