■ ATLANTIC NEW YORK CORP. et al., Appellants, v. UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Respondent.— Order, Supreme Court, New York County, entered on January 8, 1971, herein appealed from, modified, on the law, and the individual plaintiffs' motion for summary judgment is granted, with costs to plaintiffs-appellants. As so modified, the order appealed from is otherwise affirmed, and the action with respect to the corporate plaintiff is severed since a counterclaim has been interposed as to it. Appellants shall recover of respondent $50 costs and disbursements of this appeal. Defendant issued a group life insurance policy to the corporate plaintiff in February, 1960. Decedent, Ben Parkoff, whose beneficiaries are the individual plaintiffs, received an initial insurance certificate, as an employee of the corporate plaintiff, Atlantic New York Corp. (Atlantic) effective January 1, 1966, in the amount of $3,500. Effective January 1, 1968, the amount of the insurance was changed to $15,000 by an alleged promotion of Parkoff to supervisor. Parkoff died December 13, 1968. Payment of the proceeds of the policy was refused. Suit on the policy was commenced in January, 1970. In its answer defendant alleged that Parkoff was not a " Supervisor " or even an eligible employee. On the motion for summary judgment, pursuant to CPLR 3212, defendant's affidavit in opposition merely stated that Parkoff was not an employee and asserted that he was a brother of some of the principals of Atlantic and that he owned and managed a clothing business of his own in Manhattan. No details as to the name, location or operation of such business were given beyond the bare allegations. It was incumbent upon defendant to establish a genuine issue of fact and not simply rest in its affidavit upon what, essentially, had been averred in the

pleadings. Two years had passed since Parkoff's death and approximately one year since the action was commenced. If facts as to his nonemployment were available, such facts should have been advanced. The effective date of the original coverage was January 1, 1966, while, as noted, the increased coverage became effective January 1, 1968. The present action was commenced January 21, 1970. Under the language of the policy as regards incontestability, whichever date is chosen, the defense as to the individual plaintiffs would seem to be time-barred (*Simpson* v. *Phoenix Mut. Life Ins. Co.*, 24 N Y 2d 262). Concur — Stevens, P. J., Nunez and McNally, JJ.; McGivern and Tilzer, JJ., dissent in the following memorandum by McGivern, J.: The majority seems to have granted summary judgment on two grounds: 1) it was incumbent on the defendant company to have demonstrated that the deceased was not an employee; and 2) that the *Simpson* case controls. I disagree with both predicates. To the contrary: the deceased is held forth in the complaint as "one of the employees", and in plaintiffs' supporting affidavits it is asserted that the policy was issued to him "while employed by the plaintiff, New York Atlantic Corp.". The answer, however, denied that the deceased ever was an employee, and the affidavit in opposition denied that he was a "Supervisor", as plaintiff fraudulently represented him to be. And the plaintiff did not counter with any proof of employment, such as social security data, payroll records, checks, in order to demonstrate the status of deceased as an employee. Nor was there any evidence to support the claim of deceased as a "Supervisor", so as to qualify him within Classification II and the amount of insurance in the sum of $15,000. In the *Simpson* case, the defense was not predicated, as it is here, on a misrepresentation of employment. There never was any question of his (Simpson's) employment. There was in evidence an unchallenged employee enrollment card executed by Simpson. In fact, it was conceded that the deceased (Simpson) was an attorney, an assistant secretary of the corporation, and the only question raised by the defendant insurance company related to the number of hours he gave each week to his employer, the court holding that the nature of his work was "discoverable". But, in our case, the master policy provides that employees who do not regularly work 30 hours a week "Are Excluded From Insurance Under The Policy". And subdivision 1 of section 204 of the Insurance Law authorizes group life insurance, as a matter of public policy, only upon the status of employment. Thus, the rationale of *Simpson* is appreciable: to give assurance to bona fide employees of insurance protection after two years, provided that the circumstances of the issuance of the certificate are "discoverable". However, in the present case, the allegedly covert and fraudulent promotion in title of the deceased from Class IV "All Other Employees" $3,500 to Class II "Supervisors" $15,000, was not discoverable prior to January, 1968. Applying *Simpson* as a blind precedent would open the door to facile frauds. An original policy could call for $3,500, as here, but be increased to $20,000 by a "promotion" given to an insured on his deathbed. The enormity of the instant case is all the more aggravated by the defendant's claim that the deceased never was an employee at any time, although actual employment, in group policies, must needs be a *sine qua non*. Despite this latter requisite, the plaintiff has not demonstrated employment by any evidence at all. The majority would compel the insurer to accept a risk it did not contract to accept, i.e., one who by the very terms of the policy, was excluded. For what it is worth, the defendant's brief maintains that plaintiff was not only never an employee, he was fraudulently represented as such solely because, as a brother of the corporate president, it was schemed that he be brought within the employee group insurance coverage. Thus, there is

a serious question whether the deceased was ever covered at all under the risk assumed by the defendant, or rather the limitation of risk, in contradistinction to the condition of insurance, to which the incontestable clause appertains. And it has been held that the incontestable clause cannot serve to extend the risk never assumed, and in this case, refused by the insurer. (*Matter of Metropolitan Life Ins. Co.* v. *Conway,* 252 N. Y. 449, 453.) Furthermore, in *Simpson,* the motion for summary judgment was not advanced until after a bill of particulars was provided and disclosure proceedings concluded. The motion herein was prematurely brought, and in view of the determinative importance of the employment question, this matter may be resolvable only by a plenary trial. For if it develops that deceased was never an employee within the insured group, then we are faced with a question of law not within the ambit of the *Simpson* holding. And, in any event, we have issues that "can be resolved only by the taking of further proof". (See *Cutler* v. *Hartford Life Ins. Co.,* 22 N Y 2d 245.)