■ APACHE-BEALS CORP., Respondent, v INTERNATIONAL ADJUSTERS, LTD., et al., Defendants, and CANADIAN STEEL SALES, LTD., Appellant.—Order unanimously reversed, with costs, and motions granted in accordance with the following memorandum: Defendant-appellant (Canadian) appeals from an order which denies its motion for summary judgment against plaintiff-respondent on the first cause of action in its counterclaim and which also denies its motion to dismiss the amended complaint as to it pursuant to CPLR 3211 (subd [a], par 7). The lawsuit arises from a shortage in a specific quantity of steel slabs and billets (9242.35 net tons) invoiced by plaintiff to Canadian at a price of $201.26 per net ton pursuant to a written contract. It is conceded that Canadian paid for the steel in full by doing work on it as required by the contract and reinvoicing the finished steel to plaintiff.

Although there is a dispute about the extent of the shortage in the steel paid for by Canadian, plaintiff concedes that it amounts at least to 475.5 net tons, or $95,700 at the contract price. Plaintiff contends, however, that by virtue of an alleged oral "understanding" supplementing the written agreement between the parties, it is not legally obligated to refund the overpayment made by Canadian until it has been reimbursed for the shortage by its supplier, defendant International Adjusters, Ltd. (International). On the same date that it contracted to sell the steel to Canadian, plaintiff, which had acquired the rights to purchase the steel by assignment from the successful bidder, Nadler Steel Corporation (Nadler), had purchased the steel from International at the assignor Nadler's original bid price (substantially less than the price charged to Canadian) and on the same terms as set forth in International's invitation to bidders. International's terms specified, *inter alia,* that the purchase was "as is", that the weights were approximate and not guaranteed, and that any deficiencies would be adjusted at a later date. Plaintiff, at the same time it took the assignment of the International-Nadler contract, "sold back" a portion of the steel covered by that contract to Nadler at the original bid price and on the terms of the International notice to bidders—the amount thus "sold back" being proportional to the cash contribution Nadler had made to the total purchase price. In opposing affidavits made by an attorney and by the former chairman of the board of a predecessor corporation, now a consultant, plaintiff claims that it was "clearly understood and agreed" the Canadian's purchase of the steel was subject to the terms of plaintiff's purchase from International and that any weight shortages would be subject to plaintiff's adjustment of the shortage with International. The affidavits are purely conclusory and do not set forth such necessary evidentiary details as when, where or by whom the alleged oral agreement was made or the substance of the conversations. In order to defeat a motion for summary judgment, a party must disclose in evidentiary form the parol evidence on which it relies. " 'Bald conclusory assertions, even if believable, are not enough [to defeat summary judgment]' ". *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342, quoting *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; see, also, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Indig v Finkelstein,* 23 NY2d 728.) The affidavits submitted in opposition do not comply with this well-established rule. Furthermore, they are deficient because the affiants, neither of whom appears to have been a participant in the transactions, do not state that they are speaking from firsthand knowledge of the facts. (See *Capelin, supra,* p 342.) Nor is there any basis for finding that the plaintiff and Canadian impliedly agreed that the sale of steel by plaintiff to Canadian should be on the same terms as plaintiff's contemporaneous purchase from International and its "sale back" to Nadler. Although the contracts deal with the same lot of steel and were made on the same day, plaintiff's price to Canadian was not at the original bid price, as was the "sale back" to Nadler, but at a higher price, giving plaintiff a profit. Furthermore, from the fact that the "as is" and "deficiencies" clauses were included in plaintiff's contract with Nadler, it could be inferred that the plaintiff's omission of such clauses in the contract with Canadian was deliberate. Inasmuch as no triable question of fact as to plaintiff's obligation to reimburse Canadian for the conceded amount of $95,700 exists, partial summary judgment should be granted for that amount and an immediate trial held pursuant to CPLR 3212 (subd [c]) to determine the claims concerning additional shortages. Plaintiff's complaint against Canadian is deficient on its face and should be dismissed (CPLR

3211, subd [a], par 7). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Hancock, Jr., Goldman and Witmer, JJ.