■ FINK, WEINBERGER, FREDMAN, BERMAN & LOWELL, P. C., Appellant, v MILTON PETRIDES, Respondent. — Order, Supreme Court, New York County, entered September 17, 1980, which denied plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, insofar as it denied summary judgment on the third cause of action, and motion for summary judgment on the third cause of action for an account stated, granted, with costs. This is a *pro se* action by a law firm to recover fees in connection with a proposal to build FHA insured housing in Nassau County. Defendant paid a $2,500 retainer, and plaintiff wrote a letter specifying the efforts it would make on defendant's behalf. The quoted fee was $12,000 and an installment plan was outlined. Plaintiff further promised to alert the client when billing reached approximately $7,500. Plaintiff billed defendant for $10,137.83. The bill was not itemized, except to break the charges down into unbilled time ($9,779) and unbilled disbursements ($387.83). Plaintiff limited its appeal to the cause of action for an account stated and alleged that no challenge to the legitimacy or accuracy of the bill was ever made by defendant since its issuance, over one year earlier. Defendant responded, without specificity, that the bill was the subject of many telephone conversations and that he did not accept it but disputed both the bill and its amount. Although the plaintiff's bill was not itemized, it established a cause of action for an account stated, since the defendant's protestations were self-serving and he offered no evidentiary allegations in support of his position. For example, he failed to relate when and to whom the alleged telephone calls were made or to specify the substance of the alleged conversations. His affidavit in opposition to the motion merely tracked his proposed amended answer *(Atlantic New York Corp. v United States Life Ins. Co.,* 37 AD2d 527, affd 30 NY2d 970). Under these facts, the receipt and retention of this bill, without objection within a reasonable time, gave rise to an actionable account stated, independent of the original obligation, *(Chisolm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429; *Rodkinson .v Haecker,* 248 NY 480), and, as the court stated in *Apache-Beal Corp. v International Adjusters* (59 AD2d 1032, 1033): "The affidavits are purely conclusory and do not set forth such necessary evidentiary details as when, where or by whom the alleged oral agreement was made or the substance of the conversations. In order to defeat a motion for summary judgment, a party must disclose in evidentiary

form the parol evidence on which it relies. 'Bald conclusory assertions, even if believable, are not enough [to defeat summary judgment]'" (citations omitted). The defendant has failed to comply with this well-established rule. Concur — Murphy, P. J., Kupferman, Ross, Carro and Bloom, JJ.