■ MAY GLAZER, Appellant, v LOIS FALBERG, Respondent. — Order, Supreme Court, New York County (Sinclair, J.), entered May 19, 1981 denying plaintiff's motion for summary judgment on a contract and account stated against defendant, unanimously reversed, on the law, and plaintiff's motion granted, without costs. Plaintiff attorney was retained by defendant in connection with defendant's matrimonial disputes with her husband. The retainer was in writing and provided for the payment of $2,500 which was paid on account of services to be rendered at an hourly billing rate of $100 per hour to be billed monthly, and a lower rate for legal services performed by an associate of the plaintiff attorney. The client was to reimburse the attorney for out-of-pocket disbursements and the attorney reserved the right to terminate the relationship for nonpayment of fees or costs. Services were rendered by the plaintiff commencing within a day or two after receipt of the client's signed retainer agreement, together with the advance payment of $2,500. Such services continued for a period of one year. Monthly schedules of plaintiff's legal services and the time expended for each such service were forwarded to the defendant as agreed. The final schedule reflected 62.95 hours of legal services performed by plaintiff personally, and 19.15 hours by her associate. A final bill was rendered to the defendant to cover such services. No objection was ever interposed to any of these schedules or bills. Nor were there any complaints about the quality of the services. The assertion, raised for the first time on appeal, that the agreement was unconscionable and that plaintiff failed to perform essential legal services is unsupported by any evidentiary showing. Nor is there any showing that defendant ever protested the agreement or plaintiff's performance as a lawyer prior to the institution of this suit. Nor was there objection to the monthly statements and final summary and bill. An account was stated (see *Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781). It is plain that an account has been stated and that the plaintiff has established liability for breach of contract and on an account stated. Accordingly, plaintiff is entitled to summary judgment in the sum of $5,622.06, together with interest and costs, but without costs of this appeal. Concur — Kupferman, J. P., Ross, Silverman, Bloom and Fein, JJ. [For complete text of *Glazer v Falberg* see 85 AD2d 938.]