■ SUSAN CROSTON et al., Appellants, v MONTEFIORE HOSPITAL et al., Respondents. [595 NYS2d 172] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 3, 1992, which, insofar as appealed from, denied plaintiff's motion to compel defendant physician Sas to respond to the items enumerated 9, 11, 12, 13 and 14 in plaintiffs' bill of particulars, unanimously modified, on the law, the facts and in the exercise of discretion, to direct Dr. Sas to provide plaintiffs with documentary evidence of the nature and extent of his employment with defendant hospital during the months of August through September 1988, inclusive, and otherwise affirmed, without costs or disbursements.

While working for defendant Montefiore Medical Center, sued herein as Montefiore Hospital ("Hospital"), plaintiff pricked her finger with a needle and later tested positive for the HIV virus. After issue was joined the IAS Court precluded plaintiff from requesting certain items sought in her demand for a bill of particulars. The IAS Court also ruled that defendant physician's employment records were irrelevant to the proceeding. Upon review, we modify to allow for limited discovery on the issue of Dr. Sas' employment on the date of plaintiff's injury.

The nature of the information requested by the demand for the bill of particulars regarding defendant Sas' alleged employment with defendant Hospital is evidentiary in nature and was therefore not properly part of a bill of particulars. However, since the Hospital has placed in issue the affirmative defense of Workers' Compensation, the question of whether Dr. Sas worked for defendant Hospital on the critical date is material. If defendant Sas was an employee of defendant Hospital at that time, he might be immunized from liability pursuant to the Workers' Compensation Law. Therefore, whether defendant Sas worked for defendant Montefiore Medical Center is clearly relevant.

Accordingly, defendant Sas is directed to comply with plaintiffs' demand pursuant to CPLR 3101 and 3120 by simply supplying a payroll stub or other proof of employment for the months of August through September 1988, inclusive. Concur —Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.