■ TAMMY AYDELOTTE, Appellant-Respondent, v BQE RACQUETBALL CLUB, INC., Respondent, and ALEX PERNAS, Respondent-Appellant. [725 NYS2d 82] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Golar, J.), dated July 14, 2000, as granted that branch of the motion of the defendant BQE Racquetball Club, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, dated August 2, 2000, as dismissed the complaint insofar as asserted against the defendant BQE Racquetball Club, Inc., and the defendant Alex Pernas cross-appeals from the same order and judgment.

Ordered that the cross appeals are dismissed as abandoned; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff alleged that she sustained back injuries while working with a personal trainer, the defendant Alex Pernas, at the defendant BQE Racquetball Club, Inc. (hereinafter BQE). BQE established its entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact (*see,* CPLR 3212). Contrary to the plaintiff's contentions, the record is devoid of any evidence that Alex Pernas was employed by BQE. Pernas was merely a member of BQE, and there is no

proof that any other relationship existed between BQE and Pernas (*see, Croston v Montefiore Hosp.,* 191 AD2d 295; *Atlantic N. Y. Corp. v United States Life Ins. Co.,* 37 AD2d 527, *affd* 30 NY2d 970). Furthermore, no evidence was submitted to establish that BQE had control over the manner or method in which Pernas performed his work (*see, Kleeman v Rheingold,* 81 NY2d 270; *Lazo v Mak's Trading Co.,* 199 AD2d 165, *affd* 84 NY2d 896; *Matter of Morton,* 284 NY 167). Accordingly, BQE was entitled to summary judgment dismissing the complaint insofar as asserted against it. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.